FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 13 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. MARY MURRAY, : x

    Plaintiff, :

vs. :

KENNESAW STATE UNIVERSITY, :
DANIEL S. PAPP, as President of
KENNESAW STATE UNIVERSITY, :
BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA, :
DR. ALLAN VIGIL as Chairperson of the
BOARD OF REGENTS OF THE :
UNIVERSITY SYSTEM OF GEORGIA,
and ERROLL B. DAVIS, as Chancellor :
of the BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA, :

    Defendants. :
_____ x

-CAM

CIVIL ACTION FILE

NO. 1 09-cv-1872

## COMPLAINT

Plaintiff, Dr. Mary Murray, by and through her counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for her Complaint, respectfully alleges as follows:

### PARTIES

1.

Plaintiff, Dr. Mary Murray (hereinafter "Plaintiff" or "Dr. Murray") is a natural born United States citizen residing within the Northern District of Georgia.

1

2.

On information and belief, Defendant, Kennesaw State University (hereinafter "KSU") is an unincorporated association which is part of the University System of Georgia, and is governed by Defendant Board of Regents of the University System of Georgia. On information and belief KSU does business and is located within the Northern District of Georgia.

3.

On information and belief, the agent for service of process on Defendant KSU is Dr. Flora B. Devine, University Attorney, Division of Legal Affairs, 1000 Chastain Road, MB#0108, Kennesaw, GA 30144.

4.

On information and belief, Defendant KSU employed at least one hundred (100) persons at all relevant times and is engaged in an industry affecting interstate commerce.

5.

On information and belief, Defendant DR. DANIEL S. PAPP, is the President and governing head of Defendant KSU. Defendant DR. DANIEL S. PAPP is not being sued individually, but solely in his official capacity as President of Defendant KSU.

6.

On information and belief, the agent for service of process on Defendant DR. DANIEL S. PAPP is Dr. Flora B. Devine, University Attorney, Division of Legal Affairs, 1000 Chastain Road, MB#0108, Kennesaw, GA 30144.

7.

On information and belief, Defendant BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA is an unincorporated association created by the State of Georgia.

8.

On information and belief, service upon Defendant BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA may be achieved by service upon Allan Vigil, Chairperson of the BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, at 270 Washington Street, S.W., Atlanta, GA 30334.

9.

On information and belief, Defendant BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA employed at least one hundred (100) persons at all relevant times and is engaged in an industry affecting interstate commerce.

10.

On information and belief, Defendant, ERROLL B. DAVIS is Chancellor of Defendant BOARD OF REGENTS OF THE UNVERSITY SYSTEM OF GEORGIA. Defendant ERROLL B. DAVIS is not being sued individually, but solely in his capacity as Chancellor of Defendant BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

11.

On information and belief, service upon Defendant ERROLL B. DAVIS may be achieved by service upon him at 270 Washington Street, S.W., Atlanta, GA 30334.

JURISDICTION

12.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 in that this is an action to recover damages for violation of an Act of Congress providing for equal rights of citizens. The jurisdiction of this Court is also invoked pursuant to 42 U.S.C. §1981 (hereinafter "§1981") and 42 U.S.C. §§2000e et seq. ("Title VII").

## VENUE

13.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

14.

This is a complaint of unlawful employment discrimination on the basis of Plaintiff's gender and race, and unlawful retaliation. The complaint seeks declaratory and permanent injunctive relief and damages for redress of rights secured to Plaintiff by 42 U.S.C. §1981 ("Section 1981") and 42 U.S.C. §§2000e *et seq.* ("Title VII"). Plaintiff also seeks an award of attorneys' fees and costs, pursuant to 42 U.S.C. §1988.

## CONDITIONS PRECEDENT

15.

All conditions precedent to invoke the jurisdiction of this Court under Title VII have been met.

## FACTS

16.

Plaintiff, Dr. Murray, is a Caucasian female.

17.

Dr. Murray has been employed by KSU since in or about August 2000.

18.

Dr. Murray was hired as an Assistant Professor, and was promoted to the position of Associate Professor in or about August 2005. At all relevant times Dr. Murray was and still is employed in the KSU Department of Computer Science and Information Systems.

19.

On information and belief, in or about April 2007, Mr. Murray became aware that KSU was paying one Solomon Negash more than her. On information and belief at the time Mr. Negash was in a subordinate job classification to Dr. Murray.

20.

On information and belief, Mr. Negash is an African male.

21.

On or about May 7, 2008, Dr. Murray again complained to KSU that Mr. Negash was being paid more than her.

22.

On or about July 18, 2007, Dr. Murray filed a charge with the Equal Employment Opportunity Commission ("EEOC"), charging unlawful discrimination on the basis of her gender under Title VII.

23.

On information and belief, in or about June 2008, Dr. Murray became aware the KSU had decided to promote Mr. Negash to a position on an equal level as Dr. Murray but intended to pay him more than Dr. Murray, despite the fact that Mr. Negash had less seniority in the job classification than Dr. Murray.

24.

On or about November 21, 2008, Dr. Murray filed a second charge with the EEOC alleging unlawful discrimination on the basis of her gender and race in violation of Title VII.

25.

On or about August 15, 2008, Dr. Murray submitted an application for promotion to the position of full Professor.

26.

On information and belief, KSU attempted to sabotage Plaintiff's application for promotion to Professor, and then flatly refused even to consider it despite the

fact that she was eligible for promotion under applicable provisions of the Board of Regents policy, in retaliation for her opposition to unlawful gender discrimination.

27.

As a result of the foregoing, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, and economic damages, including but not limited to back pay.

### FIRST CAUSE OF ACTION
(Title VII, Discrimination)
(Sex)

28.

Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 to the same force and effect as if set forth separately herein.

29.

Defendants' aforesaid actions violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§2000e *et seq*.

30.

Defendants intentionally discriminated against Plaintiff on the basis of her sex and/or acted with deliberate disregard as to whether their actions did so.

## SECOND CAUSE OF ACTION
(Title VII Discrimination)
(Race)

31.

Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 to the same force and effect as if set forth separately herein.

32.

Defendants' aforesaid actions violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§2000e *et seq.*

33.

Defendants intentionally discriminated against Plaintiff on the basis of her race and/or acted with deliberate disregard as to whether their actions did so.

## THIRD CAUSE OF ACTION
(Title VII, Discrimination)
(Retaliation)

34.

Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 to the same force and effect as if set forth separately herein.

35.

Defendants' aforesaid actions violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§2000e *et seq.*

36.

Defendants retaliated against Plaintiff for complaining about unlawful discriminatory practices in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§2000e *et seq.*

### FOURTH CAUSE OF ACTION
(Section 1981, Discrimination)
(Race)

37.

Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 to the same force and effect as if set forth separately herein.

38.

Defendants' aforesaid actions violated 42 U.S.C. §1981.

39.

Defendants intentionally discriminated against Plaintiff on the basis of her race and/or acted with deliberate disregard as to whether their actions did so.

### FOURTH CAUSE OF ACTION
(Section 1981, Retaliation)

40.

Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 27 to the same force and effect as if set forth separately herein.

41.

Defendants' aforesaid actions violated 42 U.S.C. §1981.

42.

Defendants intentionally retaliated against Plaintiff for complaining about unlawful discriminatory practices in violation of 42 U.S.C. §1981.

WHEREFORE, Plaintiff seeks the following relief:

1. Compensatory make-whole relief for Plaintiff's economic damages;

2. Damages for mental anguish;

3. Attorneys' fees, expert witness fees, costs and disbursements of this action;

4. Appropriate declaratory and injunctive relief;

5. Interest from an appropriate point until judgment is entered and post-judgment interest as may be proper;

6. Such other and further relief as this Court deems appropriate; and

7. Plaintiff demands TRIAL BY JURY.

This 13th day of July 2009.

s/Robert N. Marx
Georgia Bar Number 475280
Attorneys for Plaintiff
Marx & Marx, L.L.C.
5555 Glenridge Connector, Suite 200

Atlanta, Georgia 30342
Telephone: (404) 261-9559
E-mail: lawyers@marxlaw.com

12