```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION


DR. MARY MURRAY,                  )
                                  )
     Plaintiff,                   )
                                  )   CIVIL ACTION FILE NO.
v.                                )   1:09-CV-1872-CAM-AJB
                                  )
KENNESAW STATE UNIVERSITY,        )
DANIEL S. PAPP, as President      )
of Kennesaw State University,     )
BOARD OF REGENTS OF THE           )
UNIVERSITY SYSTEM OF GEORGIA,     )
DR. ALLAN VIGIL as Chairman of    )
the Board of Regents of the       )
University System of Georgia,     )
and ERROLL B. DAVIS, as           )
Chancellor of the Board of        )
Regents of the University         )
System of Georgia,                )
                                  )
     Defendants.                  )
_____)
```

## ANSWER AND DEFENSES OF DEFENDANT DR. DANIEL S. PAPP

COMES NOW Defendant Dr. Daniel S. Papp in his official capacity as President of Kennesaw State University, by and through counsel of record the Attorney General of the State of Georgia, and submits his Answer and Defenses to Plaintiff's Complaint and shows the Court the following:

### FIRST DEFENSE

Some of Plaintiff's causes of action fail to state claims upon which relief can be granted.

## SECOND DEFENSE

Defendant has not deprived Plaintiff of any rights, privileges or immunities secured under the Constitution or the laws of the United States or the State of Georgia.

## THIRD DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of the circumstances known to him.

## FOURTH DEFENSE

Defendant has acted at all times in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff and has been consistent with all applicable legal standards.

## FIFTH DEFENSE

Defendant is not liable to Plaintiff because he has not discriminated against Plaintiff on the basis of her sex or race or based on any other unlawful factor, nor has Defendant retaliated against Plaintiff or engaged in any otherwise unlawful practices in regard to Plaintiff.

## SIXTH DEFENSE

Any actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that she has not pleaded facts with sufficient specificity to support claims of alleged violations of her civil rights.

## NINTH DEFENSE

Defendant incorporates by reference all affirmative defenses contained in Federal Rule of Civil Procedure 8(c) to the extent that same apply.

## TENTH DEFENSE

Plaintiff's claims are or may be barred by the equitable doctrine of laches.

## ELEVENTH DEFENSE

Plaintiff's claims are or may be barred by waiver, estoppel or both.

## TWELFTH DEFENSE

Plaintiff's claims are or may be barred by the applicable statutes of limitations.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to damages to the extent that she has failed to mitigate her alleged damages as required by law.

### FOURTEENTH DEFENSE

Defendant Papp is a not proper defendant to Plaintiff's 42 U.S.C. § 1981 claims.

### FIFTEENTH DEFENSE

Plaintiff's Title VII claims against Defendant Papp are subject to dismissal because they are unnecessary and redundant in that Plaintiff has also asserted claims against her actual employer, the Board of Regents of the University System of Georgia.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she has not properly served all of the Defendants with process.

### EIGHTEENTH DEFENSE

Some of Plaintiff's claims and/or requests for damages are barred by the immunity conferred by the Eleventh Amendment to the United States Constitution.

### NINTEENTH DEFENSE

Defendant Papp would be entitled to qualified immunity to the extent that Plaintiff were to assert claims against him in his individual capacity.

TWENTIETH DEFENSE

Defendant Papp would not be a proper defendant to Plaintiff's Title VII claims to the extent that Plaintiff were to assert such claims against him in his individual capacity.

TWENTY-FIRST DEFENSE

Without waiving any of the foregoing defenses, Defendants respond to the specific numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies and demands proof of same.

2.

The assertions contained in Paragraph 2 of Plaintiff's Complaint are denied as written. By way of further answer, Defendant submits that Kennesaw State University is a unit institution of the Board of Regents of the University System of Georgia and that it is not a legal entity capable of being sued. Defendant admits that Kennesaw State University is located within the Northern District of Georgia.

3.

The assertions contained in Paragraph 3 of Plaintiff's Complaint are denied as written. By way of further answer, Defendant acknowledges that Plaintiff served a copy of the complaint and summons on Kennesaw State University. Defendant denies, however, that Kennesaw State University is a legal entity capable of being sued.

4.

The assertions contained in Paragraph 4 of Plaintiff's Complaint are denied as written. By way of further answer, Defendant submits that the Board of Regents of the University System of Georgia employs at least 100 persons on the campus of its unit institution Kennesaw State University.

5.

The assertions contained in Paragraph 5 of Plaintiff's Complaint are admitted. Defendant denies, however, that he has violated any law and denies that Plaintiff is entitled to any damages, equitable relief or relief of any kind under any law.

6.

The assertions contained in Paragraph 6 of Plaintiff's Complaint are denied as written. By way of further answer, Defendant Papp acknowledges that he has been served with a copy of the complaint and summons.

7.

Paragraph 7 of Plaintiff's Complaint merely contains Plaintiff's legal assertion regarding Defendant Board of Regents of the University System of Georgia. As such, no response is required from Defendant Papp. To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

8.

Paragraph 8 of Plaintiff's Complaint merely contains Plaintiff's legal assertion regarding Defendant Board of Regents of the University System of Georgia. As such, no response is required from Defendant Papp. To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

9.

Paragraph 9 of Plaintiff's Complaint merely contains Plaintiff's legal assertion regarding Defendant Board of Regents of the University System of Georgia. As such, no response is required from Defendant Papp. To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

10.

Paragraph 10 of Plaintiff's Complaint merely contains Plaintiff's legal assertion regarding Defendant Erroll B. Davis. As such, no response is required from Defendant Papp. To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

11.

Paragraph 11 of Plaintiff's Complaint merely contains Plaintiff's legal assertion regarding Defendant Erroll B. Davis. As such, no response is required from Defendant Papp. To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

12.

Paragraph 12 of Plaintiff's Complaint merely contains Plaintiff's legal assertion that this Court has subject matter jurisdiction over his claims, and as such no response is required from Defendant. To the extent that any response is required, Defendant denies that he is a proper defendant to all of Plaintiff's claims and denies that he has violated any law and denies that Plaintiff is entitled to any damages, equitable relief or relief of any kind under any law.

13.

Paragraph 13 of Plaintiff's Complaint merely contains Plaintiff's legal assertion that venue is proper in this Court, and as such no response is required from Defendant. To the extent that any response is required, Defendant does not contest that venue is proper in this Court. Defendant denies, however, that he has violated any law and denies that Plaintiff is entitled to any damages, equitable relief or relief of any kind under any law.

14.

Paragraph 14 of Plaintiff's Complaint merely contains a description of Plaintiff's case, and as such no response is required from Defendant. To the extent that any response is required, Defendant denies that he has violated

any law and denies that Plaintiff is entitled to any damages, equitable relief or relief of any kind under any law.

15.

Paragraph 15 of Plaintiff's Complaint merely contains Plaintiff's legal assertion that she has satisfied all conditions precedent to filing her lawsuit.  As such no response is required from Defendant.  To the extent that any response is required, Defendant Papp submits that he is without sufficient information to admit or deny these assertions and therefore denies and demands proof of same.

16.

The assertions contained in Paragraph 16 of Plaintiff's Complaint are admitted.

17.

The assertions contained in Paragraph 17 of Plaintiff's Complaint are denied as written.  By way of further answer, Defendant submits that Plaintiff is an employee of the Board of Regents of the University System of Georgia.  Defendant acknowledges that Plaintiff has been employed by the Board of Regents since approximately August 2000 as a faculty member at Kennesaw State.

18.

The assertions contained in Paragraph 18 of Plaintiff's Complaint are admitted.

19.

Defendant is without sufficient information to admit or deny Plaintiff's assertions regarding when she became aware of a comparison between her salary and Dr. Negash's salary. Defendant therefore denies and demands proof of same. Defendant denies the assertions contained in the second sentence of Paragraph 19 as written. By way of further answer, Defendant submits that, in 2007, Dr. Negash would have been an Assistant Professor while Plaintiff was an Associate Professor.

20.

The assertions contained in Paragraph 20 of Plaintiff's Complaint are admitted.

21.

Defendant admits that Plaintiff raised an issue regarding her salary and Dr. Negash's salary, but Defendant is without sufficient information at this time to either admit or deny the exact date asserted in Paragraph 21 of Plaintiff's Complaint and therefore denies and demands proof of some.

22.

The assertions contained in Paragraph 22 of Plaintiff's Complaint are admitted.

23.

Defendant is without sufficient information to admit or deny Plaintiff's assertions regarding when she became aware of Dr. Negash's promotion and consequent pay raise. Defendant therefore denies and demands proof of same.

24.

Defendant is without sufficient information to admit or deny the assertions contained in Paragraph 24 of Plaintiff's Complaint and therefore denies and demands proof of same.

25.

Defendant admits that Plaintiff submitted an application for promotion to Professor, but Defendant is without sufficient information at this time to either admit or deny the exact date asserted in Paragraph 25 of Plaintiff's Complaint and therefore denies and demands proof of some.

26.

The assertions contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.

The assertions contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.

Defendant incorporates by reference his responses to Paragraphs 1 through 27 as if set forth fully herein.

29.

The assertions contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

The assertions contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.

Defendant incorporates by reference his responses to Paragraphs 1 through 30 as if set forth fully herein.

32.

The assertions contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.

The assertions contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.

Defendant incorporates by reference his responses to Paragraphs 1 through 33 as if set forth fully herein.

35.

The assertions contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.

The assertions contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendant incorporates by reference his responses to Paragraphs 1 through 36 as if set forth fully herein.

38.

The assertions contained in Paragraph 38 of Plaintiff's Complaint are denied.

39.

The assertions contained in Paragraph 39 of Plaintiff's Complaint are denied.

40.

Defendant incorporates by reference his responses to Paragraphs 1 through 39 as if set forth fully herein.

41.

The assertions contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.

The assertions contained in Paragraph 42 of Plaintiff's Complaint are denied.

PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that Plaintiff's prayer for relief implies and/or alleges that Plaintiff is entitled to relief from Defendant, Defendant denies such implication and/or allegation.

Defendant denies any allegation contained in Plaintiff's Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendant hereby prays that he be discharged with all costs taxed against Plaintiff.

Respectfully submitted, this 10th day of November, 2009.

        THURBERT E. BAKER    033887
        Attorney General

        DENNIS R. DUNN      234098
        Deputy Attorney General

        *s/ Annette M. Cowart*_____
        ANNETTE M. COWART    191199
        Senior Assistant Attorney General

        *s/ Christopher A. McGraw*_____
        CHRISTOPHER A. MCGRAW  493177
        Assistant Attorney General
        Counsel for Defendants

```
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3350
(404) 657-9932 (FAX)
```
acowart@law.ga.gov
cmcgraw@law.ga.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. MARY MURRAY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO.<br>) 1:09-CV-1872-CAM-AJB |
| KENNESAW STATE UNIVERSITY, et al, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2009, I caused to be served the foregoing **ANSWER AND DEFENSES OF DEFENDANT DR. DANIEL S. PAPP,** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Robert N. Marx, Esq.
    Marx & Marx, LLC
    5555 Glenridge Connector, Suite 200
    Atlanta, Georgia 30342
    lawyers@marxlaw.com

*s/ Christopher A. McGraw*
Counsel for Defendants